**FILED**

September 30, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ SAF

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | No. SA-19-CR-00370-XR-17 |
| | § | |
| NELSON OCHOA, | § | |
| | § | |
| Defendant. | § | |

### AGREED ORDER REVOKING SUPERVISED RELEASE
### AND RE-SENTENCING DEFENDANT

On this day came on to be considered the Government's Motion to Revoke Supervised Release. Through their signatures below, the parties have recommended a disposition in this cause. The Court concurs with this disposition which is supported by findings set forth below.

### I. Findings

*Supervised Release Imposed.* On or about August 25, 2021, this Court sentenced the Defendant to seventy-eight (78) months imprisonment to be followed by five (5) years of supervised release, and a $100 special assessment, for the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

*Supervision and Petitions.* The Defendant began his supervised release on or about January 31, 2024, in the Southern District of Texas, Laredo Division. On or about May 17, 2024, the U.S. Probation Office, San Antonio Division, received notification from the U.S. Probation Office, Laredo Division, of the Defendant's violations of Mandatory Condition No. 1 and Standard Condition No. 9 of his supervised release. On or about June 4, 2024, a Report on Offender Under Supervision, Probation 12A, was filed with this Court. (ECF No. 1323). The Probation Form 12A

notified this Court of the Defendant's violations reported by U.S. Probation Office, Laredo Division. This Court approved the probation officer's recommendation of no action.

This Court ordered the Defendant arrested on August 29, 2024, for violation of the Defendant's conditions of supervised release pursuant to a Probation 12C, Petition for Warrant or Summons for Offender Under Supervision. (ECF No. 1381). The Defendant was arrested on or about July 23, 2025, in the Northern District of Texas, Dallas Division, and assigned the cause matter 3:25-mj-00745-BN. On or about July 31, 2025, Rule 5 documents were sent to this Court and the Defendant transferred from the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division, to the United States District Court for the Western District of Texas, San Antonio Division. (ECF No. 1544).

*Admitted Supervision Violations.* On or about April 29, 2024, the Defendant was arrested by Webb County Constable's Office PCT 3 and charged with Abandon/Endanger Child Crim Negligence, a state jail felony, and Reckless Driving, a class B misdemeanor. The Defendant posted bond and was released later that day. Although the Defendant violated Mandatory Condition No. 1 of the Defendant's supervised release, the charges are pending matters before the Webb County District Attorney's Office. The Defendant also failed to notify the probation officer of his arrest on or about April 29, 2024, by a law enforcement officer within seventy-two (72) hours, violating Standard Condition No. 9 of the Defendant's supervised release. These violations were previously reported to this Court in the Probation 12A filed on June 4, 2024. (ECF No. 1323).

On or about July 22, 2024, a probation officer attempted to conduct an unannounced home visit at the Defendant's approved residence. Upon arrival, the probation officer encountered the

current resident of the home, who informed the probation officer that the Defendant no longer resided at the address. The Defendant failed to inform and seek prior approval regarding a change of address, violating Standard Condition No. 5 of the Defendant's supervised release.

*Defendant's Acknowledgments.* The Defendant acknowledges that: (1) upon revocation of the Defendant's supervised release, the Court could assess imprisonment up to a statutory maximum of **sixty (60)** months consecutive to any other sentence, and impose supervised release up to **life**, and payment of any unsatisfied monetary sanction previously imposed; (2) the parties project the Defendant's non-binding revocation policy-statement imprisonment range to be **four (4) to ten (10)** months; (3) the United States bears the burden of proving charged violations of supervised release by a preponderance of the evidence; (4) the Defendant does not contest the above-related factual summary of the evidence of the Defendant's misconduct and admits to the allegations therein; and (5) the United States could prove such misconduct by a preponderance of the evidence.

*Defendant's Waiver of Rights.* Through their signatures below, the Defendant and the Defendant's attorney specifically assert, and the Court finds, that the Defendant voluntarily, knowing, and intelligently: (1) waives the Defendant's rights under the Constitution, Fed.R.Crim.P. 32.1(a)(2), and 43, 18 U.S.C. §3583(e)(3), and/or otherwise, to be present and participating with the Defendant's lawyer at a proceeding at which the Defendant's supervised release is revoked and the Defendant's is re-sentenced, as accomplished by this Order; and (2) requests that the Court enter this Order forthwith without the necessity of any further hearing or appearance by the Defendant or the Defendant's counsel.

*Defendant's Waiver of Appeal.* By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives the right to appeal the revocation and sentence on any ground. The Defendant also voluntarily and knowingly waives any right to contest the sentence in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. §2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive the right to challenge the sentence on grounds of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

*Defendant's Plea of True.* As evidenced by the Defendant's signature below, and that of the Defendant's attorney, the Defendant acknowledges that the Defendant has reviewed the violation(s) set forth herein with the below attorney, that the Defendant acknowledges the allegation(s) herein is (are) true, and that the Defendant pleads true to this (these) violations(s).

## II. Order

In view of the foregoing, based on the Defendant's uncontested violations of the Defendant's supervised release for which there is an adequate factual basis as summarized above, the Court finds, determines, and orders that:

1.      The allegations of the violations listed herein are true.

2.      The Defendant's supervised release is revoked pursuant to 18 U.S.C. §3583(e).

3.      The Defendant is remanded to the custody of the Bureau of Prisons for **four (4)** months of imprisonment consecutive to any other sentence, to be served immediately without extension of bond or self-surrender, with credit for time served.

*United States v. Nelson Ochoa, SA-19-CR-00370-XR-17*
*Agreed Order Revoking Supervised Release*
*Page 5 of 5*

4.    Pursuant to 18 U.S.C. § 3583(h), upon the Defendant's discharge of the Defendant's sentence of imprisonment, Defendant shall be placed on **sixty (60)** months of supervised release. All previously imposed conditions of supervised release are herein reimposed. Defendant has reviewed these conditions with counsel and had no objection to their reimposition.

5.    Monetary sanctions imposed in this case that remain unpaid are imposed.

**APPROVED** and **ORDERED** ON THIS ___30th___ day of ___September___, 2025.

HONORABLE JUDGE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF TEXAS

UNDERSTOOD AND AGREED TO IN EVERY RESPECT:

NELSON OCHOA
Defendant

MARK THERING
Counsel for Defendant

ADRIÁN ROSALES
Assistant United States Attorney

(Counsel for the Government has conferred with the United States Probation Officer and the Officer agrees with the parties that this sentence within the guideline range is appropriate.)